UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MATTIX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-CV-4189 |
| ROCK ISLAND COUNTY, et al., | ) ) ) ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in the Rock Island County Jail. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was transferred from the Cook County Jail to the Rock Island County Jail in November 2014, with no court order and in violation of the County Jail Act.  Plaintiff was strip searched on his arrival at the Rock Island County Jail.  Defendant Bailey allegedly smiled while making Plaintiff repeatedly spread Plaintiff's buttocks.  Plaintiff later learned that the Jail has a policy of only strip searching detainees transferring in from Cook County Jail.  Plaintiff also alleges that he was placed with federal detainees and a fight ensued.  Plaintiff sustained injuries which rendered him unable to eat for one week.

Strip searches of detainees entering the general population of a jail are constitutional if supported by legitimate security concerns, but the strip searches must be conducted in a professional manner and be applied uniformly.  Florence v. Burlington County, 132 S.Ct. 1510 (2012)(finding constitutional strip searches of all detainees before placement in general population).  A strip search conducted in a manner intended to humiliate the detainee, or a strip search of

only some but not other detainees may be unconstitutional. Fonder v. Kankakee County, 823 F.3d 1144 (7th Cir. 2016)(reversing summary judgment where evidence allowed inference that strip search policy was selectively enforced); Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012)(trial necessary on the plaintiff's allegations that guard fondled plaintiff's testicles during search); Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(strip search conducted in harassing manner intended to humiliate and inflict psychological pain stated claim).

At this stage, Plaintiff has stated a plausible claim that the strip search conducted of him was unconstitutional.  An inference arises that the search was conducted in a manner intended to humiliate Plaintiff and also only selectively applied to detainees from the Cook County Jail.

Plaintiff also seeks to pursue a claim for the failure to protect him from placement with the federal detainees which led to a fight in which Plaintiff was injured.  A failure to protect claim would arise only if Defendants knew that they were putting Plaintiff at a substantial risk of serious assault from the federal detainees. Plaintiff does not allege that he told Defendants of this risk or that

Defendants otherwise knew of this risk. Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir.2005)(A substantial risk of serious harm is one in which the risk is "'so great'" that it is "'almost certain to materialize if nothing is done.'")(quoted cite omitted). However, the claim will be permitted to proceed for further development.

Plaintiff states no federal claim based on his transfer to the Rock Island County Jail. No provision of the Constitution prevents such a transfer. The Court also notes that section 9 of the County Jail Act permits the transfer of persons in custody to other jails if the jail currently housing the person is insufficient. 730 ILCS 125/9.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim that he was strip searched unconstitutionally and that Defendants failed to protect him from a known and substantial risk of serious harm. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   October 4, 2016

FOR THE COURT:

                                 **s/Sue E. Myerscough**
                               SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE